JOHN M. SORICH (CA Bar No. 125223)
John.Sorich@piblaw.com
CHRISTOPHER J. DONEWALD (CA Bar No. 255454)
Christopher.Donewald@piblaw.com
PARKER IBRAHIM & BERG LLC
695 Town Center Drive, 16th Floor
Costa Mesa, CA 92626
Tel:  (714) 361-9550
Fax: (714) 784-4199

Attorneys for Defendant,
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DARYOUSH JAVAHERI, <br><br>         Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A.; QUALITY LOAN SERVICE CORP.; and DOES 1-20, <br><br>         Defendants. | **CASE NO.:** <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)** <br><br> **(DIVERSITY OF CITIZENSHIP)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** defendant JPMORGAN CHASE BANK, N.A. ("Chase") hereby removes this action ("Notice") from the Superior Court of the State of California in and for the County of Los Angeles, in which the case is now pending, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, which is the judicial district in the which the action is pending.

## I.     THIS NOTICE OF REMOVAL IS TIMELY FILED

1. On or about May 19, 2015, plaintiff Daryoush Javaheri ("Plaintiff") commenced this action by filing a complaint ("Complaint") in the Superior Court of California in and for the County of Los Angeles (the "State Court Action"), which alleges several causes of action against Chase. The State Court Action is captioned *Javaheri v. JPMorgan Chase Bank, N.A.*, Case No. SC124190.

2. Plaintiff has not served Chase with copies of the Summons and Complaint as of the filing of this Notice. However, Chase received a copy of the Summons and Complaint on or about May 26, 2015. True and correct copies of the Summons, Complaint and Civil Case Cover Sheet are attached hereto as **Exhibit A** pursuant to 28 U.S.C. section 1446(a).

3. This lawsuit concerns the real property that Plaintiff purchased with a loan in the amount of $2,660,000.00 ("Loan") which was secured by a deed of trust. *See* Complaint, ¶ 2, Exhibit 3 to the Complaint.

4. The Complaint asserts several claims against "defendants," generally, related to foreclosure proceedings and Plaintiff's attempts to secure a modification of the subject Loan. The Complaint includes the following claims: (1) Violation of California's Homeowners Bill of Rights; (2) Wrongful Foreclosure; and (3) Injunction. *See* Complaint, generally.

5. Plaintiff seeks $100,000.00 in general and compensatory damages, special damages, restitution, injunctive relief, and attorney's fees and costs. *See* Complaint, ¶22, and Prayer for Relief, ¶¶ 1-8.

6. Pursuant to 28 U.S.C. section 1446(b), Chase has thirty days "after receipt..., through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." *See* 28 U.S.C. § 1446(b).

7. As Chase received a copy of the Summons and Complaint on about May 26, 2015, this Notice is timely. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc.*

PARKER IBRAHIM & BERG LLC — COSTA MESA

*v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351-356 (1999) (holding that the 30-day period runs from the date of formal service of the complaint).

8. Further, upon information and belief, Quality Loan Service Corp. ("Quality Loan") received a copy of the Summons and Complaint on May 22, 2015. Based on that date, this Notice is also timely as to Quality Loan. *Id.* Quality Loan consents to and joins in this Notice.

9. No consent to the removal is necessary as to defendants Does 1 - 20, because, upon information and belief, those defendants have not been named and/or served.

## II. DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY

Diversity jurisdiction under 28 U.S.C. section 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000.

### A. Complete Diversity Exists Between Defendants and Plaintiffs

Complete diversity exists between defendants and Plaintiff because they are citizens of different states.

1. Plaintiff is, and at all relevant times has been, a resident of, and domiciled in, the State of California. *See* Complaint, ¶ 1; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must...be…domiciled within the State."). Plaintiff alleges that he "is the owner and occupant of a single-family residence located at 10809 Wellworth Avenue, Los Angeles, CA 90024 (the 'Property')." *See* Complaint, ¶ 1. Based on that allegation, then, Plaintiff has apparently resided in California since he obtained the subject Loan in December 2006. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). Accordingly, Plaintiff is considered a citizen of California for purposes of diversity.

2. Chase is a national banking association and a wholly-owned subsidiary of

JPMorgan Chase & Co. Chase is a citizen of the State of Ohio because its main office is located in that state. *See Rouse v. Wachovia Mortg., FSB*, 747 F3d 707, 708 (9th Cir. 2014) (holding that a national bank is a citizen only of the state in which its main office is located as designated in the bank's articles of association). Chase's own Articles of Association designate its main office and headquarters as its Columbus, Ohio office. *See* JPMorgan Chase Bank, National Association, Articles of Association, EDGAR ONLINE, http://www.secinfo.com/d14D5a.vQcp.d.htm#1stPage (September 25, 2014) ("The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio."); *see also Hope v. U.S. Bank NA*, No. 12-CV-00297-PHX-FJM, 2012 WL 1292464, at *1 (D.Ariz. Apr. 16, 2012) (Chase's main office is located in the State of Ohio).

3. Quality Loan is a citizen of California. However, Quality Loan is the trustee under the terms of the subject Deed of Trust which encumbers the subject property. Thus, Quality Loan is the acting trustee and recorded foreclosure notices as agent for the beneficiary of the Loan. Defendant Quality Loan is not related to this dispute or the foreclosure process in any way, except as mere agent with no substantive allegations against it at issue. *See*, *e.g.*, Complaint, ¶¶ 3, 5-6; compare Complaint, ¶¶ 10-17 (each material allegation is directed at Chase alone).

4. Quality Loan filed a Declaration of Non-Monetary Status ("DNMS") on June 4, 2015, and no objection to the DNMS has been filed to date. In determining whether complete diversity exists, courts "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has explained that "[a] nominal defendant is a person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute. The paradigmatic nominal

PARKER IBRAHIM & BERG LLC
COSTA MESA

defendant is a trustee, agent or depository who is joined purely as a means of facilitating collection." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation marks, alterations, and citations omitted).  Further, as explained in *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal. App. 4th 579, 583 (Ct. App. 2009), the role of a trustee under the Deed of Trust is set forth in California Civil Code section 2924, *et seq.*, and is limited to the following:

> The trustee in a nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary.... The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist....In short, the trustee...performs ministerial acts which, when properly executed, result in the transfer of title to the [trustee's sale] purchaser.

*See Pro Value Properties, Inc.*, 170 Cal. App. 4th at 583. (internal citations omitted).

5.  Accordingly, Quality Loan, although a California citizen, is a nominal defendant against which no affirmative relief is sought and, as such, its citizenship should be ignored for purposes of determining whether diversity of citizenship exists amongst the parties. *See Cabriales v. Aurora Loan Services*, 10-CV-161 MEJ, 2010 WL 761081 (N.D.Cal. March 2, 2010).

6.  In addition to being a nominal party, Quality Loan has also been fraudulently joined, is a sham defendant and its citizenship should also be disregarded for this separate ground.  As observed in *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), "[i]t is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."  The term "fraudulent joinder," however, is a term of art. *Id.*  The motive of the plaintiff need not be "fraudulent" in the ordinary sense; rather, fraudulent joinder has occurred where "the plaintiff fails to state a cause of action against a resident defendant." *Id.*  Indeed, "the test for fraudulent joinder resembles a Rule 12(b)(6) analysis." *TPS Utilicom Servs. v. AT&T Corp.*, 223 F.Supp. 2d 1089, 1102 (C.D.Cal. 2002).

7.  To state a claim in a civil action, a plaintiff must allege the transaction or occurrence giving rise to the claim and the elements of the prima facie case. *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The Court need not, however, accept allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). As the Supreme Court has confirmed over the course of the last several years:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant s liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")

8.  Here, Plaintiff's Complaint is absolutely bereft of any facts or allegations demonstrating any liability or wrongdoing on the part of Quality Loan. Plaintiff's allegations have no application to Quality Loan, because Quality Loan is merely the current trustee and holds absolutely no interest in Plaintiff's Loan or the subject deed of trust. In addition, Plaintiff's contentions which reference Quality Loan are nothing more than bare legal conclusions which provide no substantive basis on which to hold Quality Loan liable. *See*, *e.g.*, Complaint ¶¶ 3, 5-6, 10-17. Accordingly, Quality Loan has been fraudulently joined as a sham defendant because Plaintiff fails to allege a claim against Quality Loan. On this basis, Quality Loan's citizenship should not be considered for purposes of diversity.

PARKER IBRAHIM & BERG LLC
COSTA MESA

9. The remaining defendants are named as "Doe" defendants, and as such, are disregarded in determining the existence of diversity. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

### B. Amount in Controversy

10. Plaintiff seeks damages above and beyond the $75,000 threshold for the removal of action based upon diversity jurisdiction. To satisfy its burden that the amount in controversy exceeds the jurisdictional threshold, a removing defendant may rely upon allegations in the Complaint, present facts in the removal petition, or introduce "summary-judgment–type evidence." *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

11. Plaintiff alleges that "as a result of defendants' wrongful conduct, Plaintiff has been damaged in excess of $100,000.00 due to a decline in the value of the Property." *See* Complaint, ¶ 22. As stated by the Supreme Court, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). As there is no indication that Plaintiff's damages claim was not made in good faith, the amount in controversy element is met.

12. Further, in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *See Hunt v. Wash. State Apple Adver.* Comm'n, 432 U.S. 333, 347 (1977) (abrogated by statute on other grounds as stated in *National Assoc. for the Advancement of Multijurisdictional Practice (NAAMJP) v. Castille*, 13-CV-7382, 2014 WL 6988595, at *4 (E.D.Pa. Dec. 11, 2014). When the primary purpose of a lawsuit is to enjoin a bank from selling, transferring, or foreclosing on property, then the property, and its value, is the object of the litigation. *See Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973).

13. Here, Plaintiff seeks general damages, compensatory damages, special damages, attorney's fees and costs as well as injunctive relief as a result of the alleged wrongdoing contained in his three (3) claims against the named defendants. *See* Complaint, Prayer for Relief, ¶¶ 1-8. Further, it is apparent from the face of the Complaint that Plaintiff seeks to enjoin Chase's right to conduct non-judicial foreclosure proceedings until such time as compliance with the California Homeowners Bill of Rights can be established. *See* Complaint ¶¶ 3, 5-6, 10-17, Prayer for Relief, ¶ 1-8. Accordingly, for purposes of determining the amount in controversy, the amount is no less than the amount of the subject loan - $2,660,000.00. Based on Plaintiff's allegations and exhibits attached to the Complaint, the loan amount at issue, and the controlling legal authority, it is clear the amount in controversy exceeds the $75,000 threshold requirement.

## III.  OTHER REQUIREMENTS

1. Chase will give written notice of the filing of this Notice of Removal to Plaintiff, and will file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. section 1446(d).

2. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice.

/ / /

/ / /

/ / /

## IV. CONCLUSION

Wherefore, Chase respectfully requests that this Court make any and all orders necessary to effect the removal of this case from the Superior Court for the State of California, County of Los Angeles, to this Court, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Superior Court for the State of California, County of Los Angeles.

DATED: June 23, 2015     PARKER IBRAHIM & BERG LLC


By: /s/ Christopher J. Donewald
JOHN M. SORICH
CHRISTOPHER J. DONEWALD
Attorneys for Defendant,
JPMORGAN CHASE BANK. N.A.