UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-4762 DMG (PLAx)** | Date | October 1, 2015 |
|---|---|---|---|
| Title | *Daryoush Javaheri v. JP Morgan Chase Bank N.A., et al.* | Page | 1 of 4 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [DOC. # 19]**

     This case arises out of a mortgage foreclosure dispute.  Plaintiff Daryoush Javaheri ("Javaheri") originally filed this action in Los Angeles County Superior Court against Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Quality Loan Service Corp. ("Quality"), on May 19, 2015.  (Compl. [Doc. # 1-1].)  JPMorgan removed the case to this Court on June 23, 2015, on the basis of diversity jurisdiction.  (Removal [Doc. # 1].)  On September 1, 2015 Javaheri filed a Motion to Remand.  (Mot. to Remand [Doc. # 19].)

     For the reasons stated below, the Court **GRANTS** Javaheri's motion to remand.

## I.
## LEGAL STANDARD

     Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship, *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff".).  "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted.)
//

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |
|---|---|---|

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-4762 DMG (PLAx)** | Date | October 1, 2015 |
|---|---|---|---|

| Title | *Daryoush Javaheri v. JP Morgan Chase Bank N.A., et al.* | Page | 2 of 4 |
|---|---|---|---|

## II.
## DISCUSSION

In his motion to remand, Javaheri argues that this Court lacks jurisdiction because there is no federal question or complete diversity. Mot. to Remand at 4. According to the complaint, JPMorgan is a citizen of New Jersey for diversity jurisdiction purposes, while Quality is a citizen of California. Compl. ¶¶ 2-3 (describing JPMorgan as a "note holder, beneficiary, or servicer of a first lien loan" and Quality as "a trustee of a deed of trust describing [Javaheri's] residence") Compl. ¶¶ 2-3. Javaheri is a California citizen. *Id.* ¶ 1.

In opposing Javaheri's motion to remand, JPMorgan asserts that Quality, a California citizen just like Javaheri, is to be ignored for diversity jurisdiction purposes because Quality was fraudulently joined and is a nominal defendant. (Opp. [Doc. # 24.])

**A.**    **Fraudulent Joinder**

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a nondiverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (To determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of plaintiff's case.") (citations omitted). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* "The defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted).

Here, JPMorgan has not demonstrated that Javaheri would not be allowed to amend the claim in state court. *See Padilla*, 697 F. Supp. 2d at 1159. Moreover, Javaheri does allege that Quality improperly recorded a notice of sale against his property while his loan modification

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-4762 DMG (PLAx) | Date | October 1, 2015 |
|---|---|---|---|

| Title | *Daryoush Javaheri v. JP Morgan Chase Bank N.A., et al.* | Page | 3 of 4 |
|---|---|---|---|

application was pending, in violation of California Civil Code section 2924.18(a)(1). Compl. ¶ 11 (citing California Homeowner's Bill of Rights). While JPMorgan concedes that Javaheri made this allegation, it states there are no other allegations directed at Quality, "let alone any allegation of wrongdoing." Opp. at 4. In any event, JPMorgan and Javaheri filed a joint stipulation permitting Javaheri to file a First Amended Complaint with this Court even though he exceeded the 21-day period under Federal Rule of Civil Procedure 15(a) for timely filing an amended complaint as a matter of course. [Doc. # 22.] Javaheri subsequently filed a First Amended Complaint. [Doc. # 23.]

Because the state court could have similarly allowed Javaheri to amend his complaint, the alleged failure of the claims against Quality is not "obvious according to the settled rules of the state." *Morris,* 236 F.3d at 1067. Therefore, the Court cannot find that Quality was fraudulently joined.

**B.**     **Nominal Status**

A defendant is a nominal party when it has "nothing at stake [and] may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779 (1980) ("[F]ederal court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

Here, JPMorgan contends that Quality is only a nominal defendant because it filed a Declaration of Nonmonetary Status ("DNMS") in state court on June 4, 2015 to which Javaheri did not object. Opp. at 5. The DNMS procedure, Cal. Civ. Code § 2924l, is established by California's rules governing nonjudicial foreclosures. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 220-21 & n.5, 110 Cal. Rptr. 3d 201 (2010). Section 2924l "provides a limited procedure by which a trustee under a deed of trust may avoid participation in litigation and liability for damages, costs, and attorney fees." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 349, 85 Cal. Rptr. 3d 532 (2008). A trustee under a deed of trust may file a DNMS in an action or proceeding where the trustee "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924l(a).

This Court has found, however, that section 2924l is a state procedural rule that has no federal rule analogue. *Arcenia S. Carrillo v. ETS Serv., LLC, et al.*, No. CV 10-09895, slip op. at

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-4762 DMG (PLAx)** | Date | October 1, 2015 |
|---|---|---|---|
| Title | *Daryoush Javaheri v. JP Morgan Chase Bank N.A., et al.* | Page | 4 of 4 |

3 (C.D. Cal. Jan. 28, 2011); *see Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005) (federal courts sitting in diversity must apply the Federal Rules of Civil Procedure). It is "merely a procedural convenience that, with the passive consent of the other parties, allows a trustee defendant to abstain from litigating without forfeiting its rights. It does not apply in federal court." *Arcenia*, No. CV 10-09895 at 5 ("The presence or absence of diversity cannot depend upon the operation of a state procedural rule."). The Court therefore rejects JPMorgan's argument that Quality is nominal defendant and will consider Quality's California citizenship.

Because diversity did not exist as of the date of removal, the Court cannot exercise jurisdiction over this matter. *See Geographic Expeditions*, 599 F.3d at 1107 ("[R]emoval jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III.
### CONCLUSION

In light of the foregoing, Javaheri's motion to remand is **GRANTED**. It is ordered that this action is hereby remanded to the Superior Court of the State of California, County of Los Angeles. The Court **VACATES** the October 2, 2015 hearing on Javaheri's motion.

**IT IS SO ORDERED.**